IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **COLLIERS INTERNATIONAL**<br>865 S. Figueroa Street<br>Suite 3500<br>Los Angeles, California 90017<br><br>**Plaintiff,**<br><br>v.<br><br>**THE UNITED STATES<br>DEPARTMENT OF THE ARMY**<br>Serve: Colonel Richard Hatch<br>U.S. Army Legal Services Agency<br>Litigation Division<br>901 N. Stuart Street<br>Suite 400<br>Arlington, VA  22203-1821<br><br>**Defendant.** | : CASE NO. 1:08-cv-00880<br>:<br>: JUDGE  HENRY H. KENNEDY<br>:<br>:<br>: **AMENDED COMPLAINT FOR<br>: INJUNCTIVE RELIEF**<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

1.      This is an action under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, for injunctive and other appropriate relief seeking the disclosure and release of agency records improperly withheld from the Plaintiff by the Defendant, The Department of Army, Corps of Engineers ("Army").

**JURISDICTION AND VENUE**

2.      This Court has both subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. § 552(a)(4)(B) and § 701 through § 706.  This Court also has jurisdiction over the action pursuant to 28 U.S.C. § 1331, § 2201, and § 2202.  Venue lies in this District under 5 U.S.C. § 552(a)(4)(B).

3.  Colliers is a corporation, which, among other things, provides real estate and financial advisory services to government agencies.

4.  The Army is an independent administrative agency within the Executive Branch of the United States Government. The Army is an agency within the meaning of 5 U.S.C. § 552(f).

## I. PLAINTIFF'S FOIA REQUEST AND DEFENDANT'S FAILURE TO RESPOND

### A. FOIA Request: January 31, 2008

5.  On January 31, 2008, Plaintiff submitted a FOIA request for records pertaining to the Army's Audit Agency report of Delivery Order No. DACA31-02-F-0081, which was completed sometime in 2008. The request also included the following:

> (i)  Copies of any and all other audits, investigations, analyses, or inquiries performed by any Army agency, command or headquarters, including those produced by contractors, that were consulted or considered during the audit of Delivery Order No. DACA31-02-F-0081 or any modifications thereto and/or concerning the Build-To-Lease program, Camp Humphreys, Korea;
>
> (ii) Any and all orders or directives received by any Army audit agency personnel from superiors and/or any other Army or DOD official concerning the audit of Delivery Order No. DACA31-02-F-0081 or any modifications thereto;
>
> (iii) Any and all communications, memoranda, informational and/or decisional briefings including, but not limited to, writings, electronic mail, and briefing slides and briefing notes, concerning the audit of Delivery Order No. DACA31-02-F-0081 or any modifications thereto and/or concerning the Build-To-Lease program, Camp Humphreys, Korea;
>
> (iv) Any and all notes, minutes, or other memoranda produced as a result of Army audit agency personnel's participation in any meetings, telephone conversations, briefings, or other verbal conversations or communications concerning the audit of Delivery Order No. DACA31-02-F-0081 or any modifications thereto and/or concerning the Build-To-Lease program, Camp Humphreys, Korea;
>
> (v)  Any and all requests for information received by Army audit agency personnel from whatever source concerning the audit of Delivery Order

2

No. DACA31-02-F-0081 or any modifications thereto in the reply to those requests.

6. On or about February 8, 2008, the Defendant informed the Plaintiff that it was denying Plaintiff's FOIA request. (Attached as Exhibit 1.)

7. By letter dated April 4, 2008, Plaintiff timely filed an administrative appeal of the Army's February 8, 2008 response to its FOIA request with the Department of Army.

8. By letter of May 2, 2008, an inquiry to the Army was made as to the status of the appeal and the Army's response and/or for an explanation of a delay pursuant to A-R 25-55, § 5-303 and 5-304. (Attached as Exhibit 2.)

9. The Army never responded to the administrative appeal or inquiry dated May 2, 2008.

**C.   FOIA Request:  March 7, 2008**

10. By letter of March 7, 2008, Plaintiff sent a FOIA request to the Army asking for three categories of records. (Attached as Exhibit 3) The requests were as follows:

> (i)   Any documentation received by the Assistant Secretary's Office of Installations and Environmental concerning Task Order contract DACA31-02-F-0081 prior to August 9, 2007;
>
> (ii)  Any documentation received by the Assistant Secretary's Office of Installations and Environment in response to its request for an audit of Task Order contract DACA31-02-F-0081 after August 9, 2007 until present; and
>
> (iii) Any documentation received from Jones Lang LaSalle, or any of its officers, employees, agents, representatives, or principles from October 2006 to present concerning any contract.

11.  In an e-mail dated April 4, 2008, the Army asked whether the Plaintiff would narrow its third request for contracts between the Army and Jones Lang LaSalle. (Attached as Exhibit 4)

12.  In a letter dated April 18, 2008, the Plaintiff narrowed its request for the Jones Lang LaSalle records. (Attached as Exhibit 5) In addition to narrowing its request, the Plaintiff asked for records maintained by several Army employees. For the Court's convenience, the requests described in the April 18, 2008 are as follows:

> (i) Any documentation received by the Assistant Secretary's Office of Installations and Environment concerning Task Order contract DACA31-02-F-0081 prior to August 9, 2007;
>
> (ii) Any documentation received by the Assistant Secretary's Office of Installations and Environment in response to its request for an audit of Task Order contract DACA31-02-F-0081 after August 9, 2007 until the present;
>
> (iii) Any Army documentation, meeting records, notes, and e-mails received from Jones Lang LaSalle, or any of its officers, employees, agents, representatives, or principles from October 2006 to present concerning any contract or prior activity related to the providing of services for and related to overseas facilities, domestic facilities, and leasing actions. This request does not include information related to the privatization of family housing, barracks and lodging within the United States of America to the extent that such contracts were not used for the purposes of contracting for overseas facilities, domestic facilities, and leasing actions.
>
> (iv) Any documentation, meeting records, notes, and e-mails produced by the Army to and regarding Jones Lange LaSalle or any of its officers, employees, agents, representatives, or principles from October 2006 to present concerning any contract or prior activity related to the providing of services for and related to overseas facilities, domestic facilities, and leasing actions. This request does not include information related to the privatization of family housing, barracks and lodging within the United States of America to the extent that such contracts were not used for the purposes of contracting for such overseas facilities, domestic facilities, and leasing actions.
>
> (v) Any documentation, meeting records, notes and e-mails of Mr. Keith Eastin, Mr. Joseph Calcara, MG John Macdonald (Deputy of IMCOM), BG Al Aycock (Director of IMCOM K), Mr. Paul Cramer (IMCOM K DPW), and Ms. Andrea Valentine (I&H) regarding items 1-4.

4

13.  By letter dated June 2, 2008, the Army denied requests (i) and (ii). (Attached as Exhibit 6.) The Plaintiff is appealing these determinations as required by the Army's FOIA regulation.

14.  The Army referred request (v) to the U.S. Army Installation Management Command (IMCOM). ICOM has not produced records. Neither has ICOM indicated whether the Army is objecting to release under a FOIA exemption.

15.  The Army refused to answer or produce records related to requests (iii) and (iv).

### D.  FOIA Request: May 22, 2008

16.  By a FOIA request dated May 22, 2008, the Army was asked to produce a copy of Contract W912UM—07-D00012, including all modifications. (Attached as Exhibit 7.) This contract was between the Army Corps of Engineers and a company named Kunwon-CH2MHill Consortium.

17.  The Army never responded to this request.

### II.  ARMY'S BAD FAITH FAILURE TO COMPLY WITH JANUARY 31, 2008 FOIA

18.  The Army's failure to respond to the January 31, 2008 FOIA request violates AR 25-55, § 5-204 and is arbitrary, capricious and contrary to law.

19.  The Army's use of FOIA Exemption (b)(5) as grounds to refuse release of records responsive to the January 31, 2008 FOIA is arbitrary, capricious and contrary to law.

20.  The Plaintiff exhausted all applicable administrative remedies with respect to its January 31, 2008 FOIA request.

21.   The Army failed to comply with its administrative remedy procedures by failing to respond to the FOIA appeal and by failing to respond to the Plaintiff's inquiry as to when it would receive a response from the Army and/or explanation for the Army's delay in its response.

22.   The Defendant Army has wrongfully withheld the requested records from plaintiff Colliers.

### III.   ARMY'S FAILURE TO RESPOND TO ADDITIONAL FOIA REQUESTS

23.   Under the Freedom of Information Act, federal agencies must respond to citizen requests.

24.   The Army's failure to fully respond to the March 7, 2008 FOIA request violates the Freedom of Information Act and the Army's FOIA regulations.

25.   The Army's failure to respond to the May 22, 2008 FOIA request violates the Freedom of Information Act and the Army's FOIA regulations.

26.   The Army's failure to respond to the March 7th and May 22nd requests is arbitrary, capricious, and contrary to law.

27.   The Army has wrongfully withheld the requested records that Plaintiff requested in its March 7th and May 22nd requests.

28.   Plaintiff exhausted it administrative remedies concerning its March 7th and May 22nd FOIA requests.

### IV.   REQUESTED RELIEF

WHEREFORE, Plaintiff, Colliers International respectfully request that this Court:

(a)   Order Defendant Army to disclose the requested records in their entirety and make copies available to the Plaintiff;

(b)  Issue an order finding that the Defendant Army's actions were in bad faith, arbitrary, capricious and contrary to law;

(c)  Provide for expeditious proceedings in this action;

(d)  Award Plaintiff Colliers International its costs and reasonable attorney's fees incurred during the administrative proceedings and in this action; and

(e)  Grant all such other relief as the Court may deem just and proper.

Respectfully submitted,

/s/ Michael P. Foley

Michael P. Foley (OH0019)
Christopher J. Aluotto (OH0018)
Trial Attorneys for Plaintiff,
Colliers International
RENDIGS, FRY, KIELY & DENNIS, L.L.P.
One West Fourth Street, Suite 900
Cincinnati, OH 45202-3688
Phone:      513/381-9200
Fax:        513/381-9206
E-Mail:     mfoley@rendigs.com
            cja@rendigs.com

**CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing has been sent by regular U.S. Mail this 24TH day of June 2008 to:

**THE UNITED STATES DEPARTMENT OF THE ARMY
Serve: Colonel Richard Hatch
U.S. Army Legal Services Agency
Litigation Division
901 N. Stuart Street
Suite 400
Arlington, VA 22203-1821**

/s/ Michael P. Foley

7



DEPARTMENT OF THE ARMY
U.S. ARMY AUDIT AGENCY
Office of Counsel
3101 Park Center Drive
Alexandria, Virginia 22302-1596

February 8, 2008

Office of Counsel

SUBJECT: Freedom of Information Act Request Number: 2008-14

Mr. Darrin E. Kennedy
865 S. Figueroa St., Suite 3500
Los Angeles, California
DARRIN.KENNEDY@COLLIERS.COM

Dear Mr. Kennedy,

    This is our response to your Freedom of Information Act (FOIA) request, dated 31 January 2008. Your request for a copy of Army audit of Delivery Order No. DACA 31-02-F-008, concerning the Build-to-Lease Program, Camp Humphreys, is denied.

    This is an ongoing Army Audit Project. The command-reply process is a formal process that adjudicates differences between the Audit Agency's recommendations and the command comments contained in the audit report. As of this time, the command-reply process is not completed for this audit report and the Department of the Army has taken no official position on the audit report. Since the report does not reflect the final position of the Department of the Army, it is merely advisory, and, therefore, satisfies the criteria of intra-agency communications not subject to release under the Freedom of Information Act. 5 U.S.C. § 552(b)(5). *See*, NLRB v. Sears Roebuck & Co., 421 U.S. 132 (1975); Murphy v. Department of the Army, 613 F.2d 1151 (D.C. Cir. 1979).

    You may appeal this denial of your request to the Secretary of the Army, Office of General Counsel. You must file your appeal in such a way that it will reach the appellate authority within 60 calendar days of the date of this letter. If you decide to appeal, please send your appeal through this office in order that all relevant materials may be forwarded with the appeal for review by the appellate authority.

    Again thank you for your patience in this matter. The duplication fees for responding to your request are waived. Please direct questions to the undersigned at (703) 681-1426 or e-mail timothy.hankins@us.army.mil, and reference FOIA Request 2008-14.

TIMOTHY S. HANKINS
FOIA Officer

EXHIBIT
1

**RENDIGS**
RENDIGS, FRY, KIELY & DENNIS, LLP
ATTORNEYS AT LAW

MICHAEL P. FOLEY
(513) 381-9309
mfoley@rendigs.com
Admitted to Practice in Ohio and Kentucky

May 2, 2008

U.S. Department of Army
U.S. Army Audit Agency Office of Counsel
3101 Park Center Drive
Alexandria, Virginia 22302-1569

Re:   Protest of Colliers International – B400052
      RFK&D Ref: 10870-1

Dear Mr. Secretary:

On April 4, 2008, my client, Colliers International, filed an appeal to the Army regarding the Army's February 8, 2008 denial of a Freedom of Information Act Request. To date, we have not received a response to our appeal and it would be appreciated if you could provide us a date in which we can expect a response or an explanation for the delay pursuant to 5-303 of the Department of the Army Freedom of Information Act Program.

Thank you for your attention to this matter.

Sincerely,

RENDIGS, FRY, KIELY & DENNIS, L.L.P.

Michael P. Foley

MPF/sjn
cc:   Christopher J. Aluotto, Esq.

**EXHIBIT 2**

Cincinnati Office
One West Fourth Street, Suite 900
Cincinnati, Ohio 45202-3688
Phone: 513.381.9200
Fax: 513.381.9206

www.rendigs.com

Dayton Office
4141 Colonel Glenn Highway, Suite 148
Beavercreek, Ohio 45431-1662
Phone: 937.458.0380
Fax: 513.381.9206

# RENDIGS
RENDIGS, FRY, KIELY & DENNIS, LLP

ATTORNEYS AT LAW

Sky W. Smith
(513) 381-9204
sws@rendigs.com
Admitted to Practice in Ohio and Kentucky

March 7, 2008

Office of the Assistant Chief of Staff for Installation Management
Attn: DAIM-MD (FOIA)
600 Army Pentagon, RM 1E677
Washington, DC 20310-0600

Subject: Freedom of Information Act Request

Dear FOIA Officer:

    This is a request pursuant to the Freedom of Information Act (5 U.S.C 552).

    On August 9, 2007, Mr. Keith E. Eastin of the office of the Assistant Secretary for Installations and Environment (ASA-I&E) wrote the attached letter requesting an audit of Task Order contract DACA31-02-F-0081 (TO81), this task order was issued by the U.S. Corps of Engineers under a GSA MOBIS contract to Colliers-Seeley International. In that letter, Mr. Eastin raised a number of issues for the Auditor's office to investigate based on information he had "recently been made aware of" regarding the propriety of the contract.

    We are requesting copies of the following documents:

1)     Any documentation received by the Assistant Secretary's Office of Installations and Environment concerning Task Order contract DACA31-02-F-0081 prior to August 9, 2007;

2)     Any documentation received by the Assistant Secretary's Office of Installations and Environment in response to its request for an audit of Task Order contract DACA31-02-F-0081 after August 9, 2007 until the present; and

3)     Any documentation received from Jones Lang LaSalle, or any of its officers, employees, agents, representatives, or principles from October 2006 to present concerning any contract.

    In each case, the term documents shall include, but not be limited to, any and all official or unofficial documentation retained by the Army in its files by any of its officers or employees, in any form whatsoever, including hard copy, electronic, fax, email, record of voice message, memorandum, or financial record.

EXHIBIT 3

Cincinnati Office
One West Fourth Street, Suite 900
Cincinnati, Ohio 45202-3688
Phone: 513.381.9200
Fax: 513.381.9206

4141 Colonel
Beav

www.rendigs.com

March 7, 2008
Page 2

    For the purpose of assessing fees, the requestor asserts that it is a commercial requestor and will pay all fees for the search, review and duplication of the requested records.

    If you have any further questions concerning this request, please contact me at (513) 381-9204. My email address is sws@rendigs.com.

Sincerely,<br>
RENDIGS, FRY, KIELY & DENNIS, LLP<br><br>
Sky W. Smith

SWS/ao

Cincinnati Office
One West Fourth Street, Suite 900
Cincinnati, Ohio 45202-3688
Phone: 513.381.9200
Fax: 513.381.9206

www.rendigs.com

Dayton Office
4141 Colonel Glenn Highway, Suite 148
Beavercreek, Ohio 45431-1662
Phone: 937.458.0380
Fax: 513.381.9206

**Smith, Sky W.**
___

| | |
|---|---|
| **From:** | Connor, Mark J Mr OGC [Mark.Connor@us.army.mil] |
| **Sent:** | Friday, April 04, 2008 1:13 PM |
| **To:** | Smith, Sky W. |
| **Subject:** | FW: Freedom of Information Act Referral (UNCLASSIFIED) |
| **Attachments:** | FOIA SMITH_3_27_2008_17_26_26.pdf |

-----Original Message-----
From: Connor, Mark J Mr OGC [mailto:Mark.Connor@us.army.mil]
Sent: Friday, April 04, 2008 1:13 PM
To: Smith, Sky W.
Subject: FW: Freedom of Information Act Referral (UNCLASSIFIED)

Classification:  UNCLASSIFIED
Caveats: NONE

Sir:  The information requested in item three of the attached letter is likely to be extremely voluminous.  JLL is the principal consultant to the Army on the both Residential Communities Initiative and Privatization of Army Lodging Programs.  Read literally, your request for "any documentation" received from JLL since October 2006 regarding "any contract" encompasses all material generated by JLL for those programs from October 2006 to the present.  To avoid unnecessary expense, are you willing to narrow the scope of your request?

 <<FOIA SMITH_3_27_2008_17_26_26.pdf>>  Classification:  UNCLASSIFIED
Caveats: NONE

EXHIBIT 4

1



# RENDIGS
RENDIGS, FRY, KIELY & DENNIS, LLP
ATTORNEYS AT LAW

Sky W. Smith
(513) 381-9204
sws@rendigs.com
Admitted to Practice in Ohio and Kentucky

April 18, 2008

Office of the Assistant Chief of Staff for Installation Management
Attn: DAIM-MD (FOIA)
600 Army Pentagon, RM 1E677
Washington, DC 20310-0600

Subject: Freedom of Information Act Request

Dear FOIA Officer:

This is a request pursuant to the Freedom of Information Act (5 U.S.C 552).

On August 9, 2007, Mr. Keith E. Eastin of the office of the Assistant Secretary for Installations and Environment (ASA-I&E) wrote the attached letter requesting an audit of Task Order contract DACA31-02-F-0081 (TO81), this task order was issued by the U.S. Corps of Engineers under a GSA MOBIS contract to Colliers-Seeley International. In that letter, Mr. Eastin raised a number of issues for the Auditor's office to investigate based on information he had "recently been made aware of" regarding the propriety of the contract.

We are requesting copies of the following documents:

1) Any documentation received by the Assistant Secretary's Office of Installations and Environment concerning Task Order contract DACA31-02-F-0081 prior to August 9, 2007;

2) Any documentation received by the Assistant Secretary's Office of Installations and Environment in response to its request for an audit of Task Order contract DACA31-02-F-0081 after August 9, 2007 until the present;

3) Any Army documentation, meeting records, notes, and e-mails received from Jones Lang LaSalle, or any of its officers, employees, agents, representatives, or principles from October 2006 to present concerning any contract or prior activity related to the providing of services for and related to overseas facilities, domestic facilities, and leasing actions. This request does not include information related to the privatization of family housing, barracks and lodging within the United States of America to the extent that such contracts were not used for the purposes of contracting for overseas facilities, domestic facilities, and leasing actions.

Cincinnati Office
One West Fourth Street, Suite 900
Cincinnati, Ohio 45202-3688
Phone: 513.381.9200
Fax: 513.381.9206

www.rendigs.com

4141 Colonel G
Beaver

**EXHIBIT**
5

April 18, 2008
Page 2

    4) Any documentation, meeting records, notes, and e-mails produced by the Army to and regarding Jones Lange LaSalle or any of its officers, employees, agents, representatives, or principles from October 2006 to present concerning any contract or prior activity related to the providing of services for and related to overseas facilities, domestic facilities, and leasing actions. This request does not include information related to the privatization of family housing, barracks and lodging within the United States of America to the extent that such contracts were not used for the purposes of contracting for such overseas facilities, domestic facilities, and leasing actions.

    5) Any documentation, meeting records, notes and e-mails of Mr. Keith Eastin, Mr. Joseph Calcara, MG John Macdonald (Deputy of IMCOM), BG Al Aycock (Director of IMCOM K), Mr. Paul Cramer (IMCOM K DPW), and Ms. Andrea Valentine (I&H) regarding items 1-4.

    In each case, the term documents shall include, but not be limited to, any and all official or unofficial documentation retained by the Army in its files by any of its officers or employees, in any form whatsoever, including hard copy, electronic, fax, email, record of voice message, memorandum, or financial record.

    For the purpose of assessing fees, the requestor asserts that it is a commercial requestor. We request an estimate should the cost of this request exceed $1,000.

    If you have any further questions concerning this request, please contact me at (513) 381-9204. My email address is sws@rendigs.com.

                                               Sincerely,

                                             RENDIGS, FRY, KIELY & DENNIS, LLP

                                             Sky W. Smith

SWS/pac

Enclosure

550678.1
4/18/08

Cincinnati Office  
One West Fourth Street, Suite 900  
Cincinnati, Ohio 45202-3688  
Phone: 513.381.9200  
Fax: 513.381.9206

www.rendigs.com

Dayton Office  
4141 Colonel Glenn Highway, Suite 148  
Beavercreek, Ohio 45431-1662  
Phone: 937.458.0380  
Fax: 513.381.9206



**DEPARTMENT OF THE ARMY**
OFFICE OF THE ADMINISTRATIVE ASSISTANT TO THE SECRETARY
5200 ARMY PENTAGON
WASHINGTON, DC 20310-5200
JUNE 2, 2008

CHIEF ATTORNEY &
LEGAL SERVICES DIRECTORATE

RECEIVED
JUN 0 4 2008

Rendigs, Fry, Kiely & Dennis, LLP
Attn: Sky W. Smith
1 West 4th Street, Suite 900
Cincinnati, Ohio 45202-3688

**Re: FOIA Identification No. 08-217**

Dear Mr. Smith:

This is in response to your Freedom of Information Act (FOIA) request dated March 7, 2008 in which you requested documentation received by the Assistant Secretary's Office of Installations and Environment concerning Task Order DACA31-02-F-0081 prior to August 9, 2007, documentation responding to a request for an audit of that task order after August 9, 2007, and documentation received from Jones Lang LaSalle from October 2006 to the present. Your request was assigned our office tracking number FA-08-217.

In response to your request, a search was coordinated between our office, the Army Audit Agency, and the Assistant Secretary's Office of Installations and Environment. E-mail messages, a draft copy of the Audit Agency's Audit Report, and a document supporting the Audit Agency's findings were produced and sent to our office for review. The documents are being withheld in full, after application of the following FOIA exemption:

**Exemption (b)(5):** We are unable to provide you with the documents, as they are exempt under Exemption b(5). The emails, draft audit report, and supporting documents have been withheld because they are predecisional to an agency decision. This information is exempt from release under the deliberative process privilege of exemption (b)(5) of the FOIA. See 5 U.S.C. § 552 (b)(5). The purpose of this privilege is to protect the quality of agency decisions by encouraging frank and open discussions of agency policy. See Jordan v. United States Dep't of Justice, 591 F.2d 753, 772-73 (D.C. Cir. 1978). A District of Columbia Court of Appeals decision explains when deliberative process information should be withheld. The information must be 1) predecisional and 2) deliberative in nature. See Mapother v. Dep't of Justice, 3 F.3d 1533, 1537 (D.C. Cir. 1993).

First, the document must be predecisional or "antecedent to the adoption of an agency policy." Jordan v. United States Dep't of Justice, 591 F.2d at 774. Both the emails and the draft Audit Report contain information that is used to develop agency decisions and discuss potential courses of action. The Audit Report and supporting documents are not a final agency decision, and merely represents a draft that is still being evaluated and finalized by the Audit Agency. Therefore, these documents are predecisional. The Supreme Court stated "agencies are, and properly should be, engaged in a continuous process of examining their policies; this process will generate memoranda containing recommendations which do not ripen into agency decisions; and



Printed on Recycled Paper

EXHIBIT
6

the lower courts should be wary of interfering with this process." National Labor Relations Board v. Sears, Roebuck & Co., 421 U.S. at 151. Therefore, even if a *specific* agency decision cannot be identified as resulting from these documents, the draft document is still predecisional.

Second, the document must be deliberative in nature, meaning it is "a direct part of the deliberative process in that it makes recommendations or expresses opinions on legal or policy matters." Vaughn v. Rosen, 523 F.2d 1136, 1143-44 (D.C. Cir. 1975). In this case, the communications and other documents withheld contain specific evaluations and opinions regarding the audit, the nature of the task orders, and the proper course of action to be taken. Because parts of the documents you requested might be incorporated into or reveal the Army's decision-making process, the information is deliberative in nature.

Courts have established a threshold for agencies in the determination of whether a document is pre-decisional. The agency must establish "what deliberative process is involved and the role played by the documents in issue in the course of that process." Coastal States Gas Corp. v. Dept. of Energy, 617 F.2d 854, 868 (D.C. Cir. 1980). In this case, the documents contain information relating to the evaluation of government spending. They contain frank opinions and recommendations that do not necessarily represent the views of the Department of the Army on a complex and controversial issue. Revealing this information may inhibit candor in the decision-making process. Therefore, the threshold set forth in Coastal States has been met.

Furthermore, portions of your request have been referred to other agencies for direct response to you. The Audit Agency's Report and Supporting documentation do not fall under our office's purview for release, even if they were a finalized agency decision. Therefore, the Army Audit Agency documents have been referred to that office for direct response to you, when a final decision has been completed. The Army Audit Agency can be contacted at:

> U.S. Army Audit Agency
> Office of the Auditor General
> Attn: SAAG-GC
> 3101 Park Center Drive, RM 1301
> Alexandria, VA 22302-1596

Finally, #5 on your letter of April 18, 2008 does not fall under our office's Initial Denial Authority (IDA). Under 32 CFR part 505; appendix B, the Chief Attorney can only act for the Secretary of the Army on requests for records maintained by the Office of the Secretary of the Army and its serviced activities. Therefore, that portion of your request has been referred to IMCOM for direct response to you. They can be contacted at:

> U.S. Army Installation Management Command (IMCOM)
> 2511 Jefferson Davis Highway
> Arlington, VA 22202

  This denial is carried out as the representative of the FOIA Initial Denial Authority (IDA). The Administrative Assistant to the Secretary of the Army delegated Initial Denial Authority (IDA) under the FOIA to the Chief Attorney, to act for the Secretary of the Army on requests for records maintained by the office of the Secretary of the Army. You have the right to appeal within sixty (60) calendar days. See 32 C.F.R. § 518.17(c). If you wish to appeal this determination, write to me and I will present the matter to the IDA for consideration.

  If you have questions or concerns regarding your current FOIA request, please contact Matthew Reed at (703) 697-5423 or Matthew.Reed@hqda.army.mil. In all correspondence please refer to FOIA number FA-08-217.

         Sincerely,

         Jose L. Burgos
         Chief, FOIA Program
          Office of the Chief Attorney

# RENDIGS
### RENDIGS, FRY, KIELY & DENNIS, LLP
ATTORNEYS AT LAW

**MICHAEL P. FOLEY**
(513) 381-9309
mfoley@rendigs.com
Admitted to Practice in Ohio and Kentucky

May 22, 2008

*VIA E-MAIL: Harry.H.Kim@pof02.usace.army.mil*
USAED-FE
CEPOF-CT (Harry Kim)
Unit No. 15546
APO
AP 96205-5546

Re: Freedom of Information Act Request
Contract No. W912UM-07-D-0012
*RFK&D Ref: 10870-1*

Dear Mr. Kim:

    This is a request under the Freedom of Information Act. I request a copy of the following contract: W912UM-07-D-0012, including all modifications. In addition, I request all delivery or task orders issued under the contract. This is a commercial request and we agree to pay reasonable fees.

Sincerely,

RENDIGS, FRY, KIELY & DENNIS, L.L.P.

Michael P. Foley

MPF/jsf
Enclosure

EXHIBIT 7

Cincinnati Office
One West Fourth Street, Suite 900
Cincinnati, Ohio 45202-3688
Phone: 513.381.9200
Fax: 513.381.9206

4141 Colone
Bea

www.rendigs.com